**Augustus G. LARTIUS, Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION; Raymond L. Kassel, Director of Iowa Department of Transportation, and as an individual; Robert H. Given, Deputy Director of the Iowa Department of Transportation, and as an individual; and Jon M. McCoy, Director of Administration of Iowa Department of Transportation, and as an individual, Appellees.**

No. 82–2196.

United States Court of Appeals, Eighth Circuit.

Submitted April 25, 1983.

Decided May 2, 1983.

Rehearing and Rehearing En Banc Denied June 1, 1983.

---

Augustus G. Lartius, pro se.

Thomas J. Miller, Atty. Gen. of Iowa, Robert W. Goodwin, Goodwin Law Office, P.C., Ames, Iowa, J. Eric Heintz, Sp. Asst. Atty. Gen. and Counsel of the Iowa Dept. of Transp., Ames, Iowa, for appellees.

Before HEANEY, McMILLIAN and AR-NOLD, Circuit Judges.

PER CURIAM.

█ This is a civil-rights action brought under 42 U.S.C. §§ 1981, 1983, and 1985, and Title VII, 42 U.S.C. §§ 2000e *et seq.* The plaintiff, a native of India, charged that the defendants discriminated against him because of his race, color, or national origin when they failed to promote him to the position of Personnel Director and that they unlawfully retaliated against him after he filed a grievance with the Iowa Merit Commission. The civil-rights claims were tried to a jury, while the Title VII claim, which involved the same underlying facts, was simultaneously tried to the court.[1] Both the jury and the court found in favor of the defendants. The court said,

> The jury found in favor of the individual defendants on Counts I, II and III. The court shares the jury's evaluation of the evidence. Plaintiff satisfied his burden of establishing a prima facie case of racial discrimination, but the defendant DOT articulated legitimate, nondiscriminatory reasons for its selection of somebody other than plaintiff for the position of personnel director and plaintiff failed to persuade the court that the reasons advanced by the DOT were merely pretextual and that racial discrimination was the real reason for not promoting plaintiff.

Designated Record, vol. II, at 100.

On this appeal, plaintiff urges that the judgments are unsupported by the evidence.

---

1. The Hon. Harold D. Vietor, United States District Judge for the Southern District of Iowa.

We disagree. The partial transcripts with which we have been provided reflect substantial evidence supporting the jury's determination that plaintiff was not subjected to unlawful discrimination. Thus, plaintiff's Title VII claim was precluded under the doctrine of collateral estoppel. See *Sisco v. J.S. Alberici Construction Co.*, 655 F.2d 146, 151 (8th Cir.1981), *cert. denied*, 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).

Plaintiff argues also that the trial court erred in rejecting plaintiff's requested jury instruction no. 7, which read

> Statistics showing racial or ethnic imbalance are probative because such imbalance is often a telltale sign of purposeful discrimination. * * * a gross disparity may be significant indication of purposeful discrimination.

Brief for Appellant at 19. The trial court instructed the jury as follows:

> Evidence has been received showing the minority composition of the DOT work force as compared to state government and major private sector employers. Evidence has also been received showing that the DOT had an affirmative action program for employing minority persons. Evidence has also been received showing the rules of the Iowa Merit Employment Department governing the filling of job vacancies.

> All of this evidence has been received as circumstantial evidence which you jurors may consider along with all other evidence in this case in determining whether defendants or any of them acted with a racially discriminatory purpose.

Appellees' Brief at 21. The court's instruction is a correct statement of the law. We find no error. Accordingly, the judgment is affirmed.